IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PETER GAKUBA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-1417 (JLH) |
| | ) | |
| KATHY JENNINGS, Attorney General of the State of Delaware, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM ORDER**

Currently pending before the Court are Petitioner Peter Gakuba's identical motions styled "Petitioner's Rule 59(e), Alternatively, Rule 60(b)(6) Motion Hearing Requested"[1] (D.I. 9; D.I. 10) and his "Motion for Disqualification—Judge Jennifer L. Hall per 28 U.S.C. §§ 455(a)-(b)(1), (e) Hearing Requested" (D.I. 11).

## I. PETITIONER'S "RULE 59(E), ALTERNATIVELY, RULE 60(B)(6) MOTIONS"

By Order dated December 31, 2025, the Court dismissed Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 for lack of subject matter jurisdiction because it was an unauthorized second or successive petition.[2] (D.I. 8.) Petitioner's protracted history of seeking federal habeas relief from his 2015 Illinois state court conviction and sentence for three counts of aggravated criminal sexual abuse was summarized in that Order and will not be repeated. In his "Rule 59(e), Alternatively, Rule 60(b) Motions," Petitioner essentially seeks reconsideration of the Court's dismissal. (D.I. 9; D.I. 10.)

---

[1] Docketed a week apart, the Clerk's Office received two copies of this motion, both dated January 5, 2026.

[2] "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

**A. <u>Rule 59(e)</u>**

Federal Rule of Civil Procedure 59(e) provides that a party may move to alter or amend a judgment within 28 days of its entry. Fed. R. Civ. P. 59(e). The scope of a Rule 59(e) motion is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (citing *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). To prevail on a Rule 59(e) motion, the moving party must show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Blystone*, 664 F.3d at 415.

The Court dismissed Petitioner's habeas petition for lack of subject matter jurisdiction because it was an unauthorized second or successive petition. (D.I. 8.) There was no error of law or fact in that determination. Petitioner acknowledges that this is not his first habeas petition. (D.I. 9 at 3, 7; D.I. 10 at 3, 7.) Petitioner alleges that his Petition is "second-in-time" but not "second or successive." (D.I. 2 at 1, 10; D.I. 9 at 3, 7; D.I. 10 at 3, 7; D.I. 11 at 5.) Although "it is well settled that the phrase ["second or successive"] does not simply 'refe[r] to all § 2254 applications filed second or successively in time,'" Petitioner has not identified, nor does the Court discern, that any of the exceptions are applicable to the facts of this case. *See Magwood v. Patterson*, 561 U.S. 320, 332 (2010) (quoting *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)). Indeed, Petitioner concedes that "[t]he majority of this habeas petition merely scissor pastes from

the original habeas petition (verbatim) its contents word-for word."[3] (D.I. 2 at 10 n.3, 22 n.8, 30 n.9, 32 n.10.) Petitioner also acknowledges that all but one of the claims raised in his Petition are identical to the claims raised in his original, first federal habeas petition.[4] (D.I. 2 at 32-131.)

Petitioner contends that this Court does not have jurisdiction over his proceedings (D.I. 11 at 3) – an unusual argument considering Petitioner seeks relief in this Court. But I agree with Petitioner's conclusion that the Court lacks jurisdiction, albeit for different reasons than argued by Petitioner. The reason this Court lacks jurisdiction is because the Petition is second or successive.

Petitioner has not demonstrated any of the grounds required to prevail under Rule 59(e).

**B. Rule 60(b)(6)**

Petitioner's motions are properly assessed under Rule 59(e) rather than Rule 60(b)(6). *See Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) (treating motion styled under Rule 60(b) as one under Rule 59(e) because it was filed within time required under Rule 59). Nevertheless, the Motions would also fail under Rule 60(b)(6) for the same reasons. Furthermore, construed as Rule 60(b)(6) motions, the Motions themselves are barred as unauthorized second or successive

---

[3] Petitioner's first federal habeas petition was filed in and denied by the United States District Court for the Northern District of Illinois. *See Gakuba v. Brannon*, No. 17 C 50337, 2018 WL 10127255 (N.D. Ill. Oct. 24, 2018). The Seventh Circuit Court of Appeals denied Petitioner's request for a certificate of appealability and subsequent requests to file a successive petition. *See Gakuba v. Jeffreys*, No. 22-3039, 2022 WL 18863593 (7th Cir. Nov. 21, 2022).

[4] Petitioner says that the claim he didn't raise in his first habeas petition was raised in his petition for rehearing of his petition for a certificate of appealability in the Seventh Circuit Court of Appeals. (D.I. 2 at 131.) That claim is nevertheless not cognizable on federal habeas review because it raises challenges to his first federal habeas proceedings, not his state court judgment. *See Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) (recognizing precedent that alleged errors in collateral proceedings are not proper basis for habeas relief from original conviction); *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (explaining that "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation").

habeas petitions to the extent they seek "to add a new ground for relief" or "[attack] the federal court's previous resolution of a claim on the merits." *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

## II. **MOTION FOR DISQUALIFICATION**

Petitioner has failed to provide any basis for disqualification under 28 U.S.C. § 455(a), (b)(1), or (e). The bias necessary to require recusal under either § 455(a) or (b)(1) generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *see also Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004). I have given it careful and deliberate consideration, and I conclude that I have no actual bias or prejudice towards Petitioner and that a reasonable, well-informed observer would not question my impartiality. Petitioner also cites 28 U.S.C. § 455(e), which pertains to conflict waivers, but that subsection is inapplicable because there is no waiver here.

## III. CONCLUSION

NOW THEREFORE, at Wilmington on this 25th day of August, 2026, **IT IS ORDERED** that:

1. Petitioner's motions styled "Petitioner's Rule 59(e), Alternatively, Rule 60(b)(6) Motion Hearing Requested" (D.I. 9; D.I. 10) are **DENIED**.

2. Petitioner's "Motion for Disqualification—Judge Jennifer L. Hall per 28 U.S.C. §§ 455(a)-(b)(1), (e) Hearing Requested" (D.I. 11) is **DENIED**.

3. Petitioner's requests for a hearing are **DENIED**.

4. The Court declines to issue a certificate of appealability because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

The Honorable Jennifer L. Hall
United States District Judge